UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Scott Faul,                                                          Case No. 15-cv-1541 (PJS/TNL)

            Petitioner,

v.                                                                   **REPORT & RECOMMENDATION**

Warden Denese Wilson,

            Respondent.

---

Scott Faul, 04564-059-J, FCI-Sandstone, PO Box 1000, Sandstone, MN 55072 (*pro se* Petitioner); and

Joseph H. Thompson, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

---

This matter is before the Court, Magistrate Judge Tony N. Leung, on a petition pursuant to 28 U.S.C. § 2241 for writ of habeas corpus (ECF No. 1) and Respondent's Motion to Dismiss (ECF No. 4). This action has been referred to the undersigned magistrate judge for report and recommendation to the Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court will recommend that the Motion to Dismiss be granted and the Petition be dismissed.

I.      **BACKGROUND**

On February 13, 1983, Petitioner, among others, was involved in a shootout with

several United States Marshals and other law enforcement agents outside Medina, North Dakota. *United States v. Faul*, 748 F.2d 1204, 1207 (8th Cir. 1984). During the shootout, two U.S. Marshals were killed and one U.S. Marshal, one county sheriff, and one city police officer sustained injuries. *Id*. Petitioner was indicted in the United States District Court for the District of North Dakota, charged with two counts of first-degree murder, four counts of assaulting U.S. Marshals and other law enforcement officers assisting them, one count of conspiring to assault, and one count of harboring and concealing a fugitive. *Id*. At the conclusion of the trial on these counts, the jury found Petitioner not guilty of first-degree murder, but guilty of the lesser-included offense of second-degree murder, and guilty of the remaining charges. *Id.* at 1207–8. Petitioner was sentenced to two concurrent life terms for the second-degree murder convictions, concurrent ten-year sentences on each of the four assault charges to run consecutively with the life terms, a five-year consecutive sentence for the harboring offense, and a five-year term on the conspiracy to assault charge to run concurrently with all other terms. *Id.* at 1208.

Petitioner appealed his conviction to the Eighth Circuit on the grounds that (1) he did not receive a fair trial due to the district court judge's (i) refusal to recuse himself, (ii) failure to change venue in light of the trial publicity, and (iii) denial of Petitioner and his co-defendants' motions for separate trials;[1] (2) evidence was improperly admitted; and (3) the prosecutor committed misconduct. *United States v. Faul*, 748 F.2d at 1210. Petitioner's conviction was affirmed by the Eighth Circuit. *Id.* at 1223. Petitioner was not

---

[1] Petitioner's co-defendant, Yorie Kahl, was convicted on the same charges as Petitioner. Petitioner's other co-defendant, David Broer, was indicted only on the assault, conspiracy, and harboring charges. Broer was acquitted of the substantive assault charges, but convicted on the conspiracy and harboring charges. *United States v. Faul*, 748 F.2d at 1207–8.

granted appeal to the Supreme Court. *Faul v. United States*, 472 U.S. 1027 (1985).

While the summary of Petitioner's trial, conviction, and direct appeal is straightforward, that is not true of his previous petitions for writs of habeas corpus.[2]

### A. *Faul I*: Case No. 3:97-cv-57 – District of North Dakota[3]

On April 24, 1997, Petitioner filed a motion for relief under 28 U.S.C. § 2255 in the District of North Dakota. (*Faul I*, Docket No. 1). On May 27, 1997, the district court denied part of Petitioner's § 2255 motion and ordered the United States to respond to the remaining arguments alleging denial of effective assistance of counsel and that a Masonic relationship existed between the trial judge and individuals tied to the case, requiring the trial judge to recuse himself. (*Faul I*, Docket No. 4). The United States filed its response on July 1, 1997. (*Faul I*, Docket No. 5). While this § 2255 motion was pending, Petitioner discharged his attorneys, and the motion was held in abeyance pending the appearance of new counsel or by Petitioner appearing pro se. *See United States v. Faul*, 2007 WL 1847371, at *1 (*Faul III*, Docket No. 130) (explaining the history of Petitioner's habeas filings).

### B. *Faul II*: Case No. 3:99-cv-169 – Western District of Wisconsin[4]

On March 25, 1999, Petitioner filed a new § 2255 petition in the Western District of Wisconsin. The Eighth Circuit ordered Petitioner's application be transferred to the sentencing court. (*Faul II*, Docket No. 1, 2; *Faul III*, Docket No. 1). On March 25, 1999, Petitioner's § 2255 application was transferred to the District of North Dakota. (*Faul III*,

---

[2] Much of the following chronology is also outlined in *United States v. Faul*, 2007 WL 1847371 (D. N.D. June 25, 2007) (*Faul III*, Docket No. 130).
[3] *Faul v. United States*, Case No. 3:97-cv-57(JBJ-KKK) (D. N.D.) (hereinafter *Faul I*).
[4] *Faul v. United States*, Case No. 3:99-cv-169 (JCS) (W.D. Wis.) (hereinafter *Faul II*).

3

Docket No. 1, 2; *Faul II*, Docket No. 1, 2).

### C. *Faul III*: Case No. 3:99-cv-41 – District of North Dakota[5]

*Faul II* was transferred to the District of North Dakota as ordered by the Eighth Circuit. (*Faul II*, Docket No. 1, 2; *Faul III*, Docket No. 1, 2). On May 3, 1999, Petitioner filed a motion in each of *Faul I* and *Faul III*, to determine the status of the matters and for leave to amend his § 2255 motion. (*Faul I*, Docket No. 7; *Faul III*, Docket No. 10). On October 13, 1999, the court issued an order in *Faul III* directing Petitioner to file an amended § 2255 motion. (*Faul III*, Docket No. 12; *see Faul I*, Docket No. 8). On the same day, the court issued an order in *Faul I* directing the clerk of court to send a complete copy of its *Faul I* file to Petitioner, denying Petitioner's § 2255 claim without prejudice, and directing Petitioner to submit the amended habeas claim in *Faul III*. (*Faul I*, Docket No. 8). Petitioner filed an amended § 2255 motion on December 1, 2000 in *Faul I*, not *Faul III* as directed. (*Faul I*, Docket No. 9, 10). On March 26, 2001, the district court had the amended § 2255 motion from *Faul I* incorporated into *Faul III*. (*Faul III*, Docket No. 19).

On August 27, 2001, the district court directed the United States to file an answer to certain aspects of Petitioner's motion relating to jury bias, but summarily dismissed the remainder of Petitioner's claims. (*Faul III*, Docket No. 25, 52). The United States filed its response on November 1, 2001, and Petitioner replied on January 25, 2002. (*Faul III*, Docket No. 31, 37). The court assigned Petitioner counsel and scheduled an evidentiary hearing on the issue of jury bias. (*Faul III*, Docket No. 39, 40). Petitioner moved to

---

[5] *Faul v. United States*, Case No. 3:99-cv-41 (RRE-KKK) (D. N.D.) (hereinafter *Faul III*).

discharge his appointed counsel, and a motion hearing was held on May 28, 2002. (*Faul III*, Docket No. 46, 51). The court denied Petitioner's request. (*Faul III*, Docket No. 52).[6] The evidentiary hearing on jury bias was held on July 3, 2002. (*Faul III*, Docket No. 68).[7]

The district court denied and dismissed Petitioner's amended § 2255 motion on July 29, 2002. (*Faul III*, Docket No. 76). Petitioner then filed a motion to alter or amend the judgment on August 16, 2002, which the court denied on September 24, 2002, but treated as a notice of appeal at Petitioner's request. (*Faul III*, Docket No. 80, 83). The Eighth Circuit treated Petitioner's notice of appeal as an application for a certificate of appealability, then denied Petitioner a certificate of appealability and dismissed his appeal on March 6, 2003. (Eighth Circuit Case No. 02-3654).[8]

### D. *Faul IV*: Case No. 3:05-cv-385 – Western District of Wisconsin[9]

On June 29, 2005, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Wisconsin. (*Faul IV*, Docket No. 1). The United States filed a response, and the district court dismissed the petition without prejudice on August 30, 2005. *Faul v. Hobart*, 2005 WL 2100976 (W.D. Wis. Aug. 30, 2005) (*Faul IV*, Docket No. 8). The court dismissed Petitioner's § 2241 claim because he failed to show that a § 2255 petition before the sentencing court would be inadequate or ineffective. *Id.* at *1 (*Faul IV*, Docket No. 8). Petitioner then filed a motion to alter or amend the judgment, which was denied. (*Faul IV*, Docket No. 10, 12). Petitioner

---

[6] Five days later, Petitioner was represented by new counsel. (*Faul III*, Docket No. 53).
[7] Petitioner declined to appear via telephone at this hearing. *United States v. Faul*, 2007 WL 1847371, at *2 (D. N.D. June 25, 2007) (*Faul III*, Docket No. 130).
[8] The Eighth Circuit subsequently denied a petition for rehearing, a motion to recall the mandate, and a petition for rehearing en banc. (Eighth Circuit Case No. 02-3654).
[9] *Faul v. Hobart*, Case No. 3:05-cv-385 (JCS) (W.D. Wis.) (hereinafter *Faul IV*).

5

appealed to the Seventh Circuit, which affirmed the district court on March 22, 2006. (Seventh Circuit Case No. 05-4083; *Faul IV*, Docket No. 13, 14).

### E.  Back to *Faul III*

On May 17, 2006, Petitioner filed another motion for relief under § 2255 in *Faul III*. (*Faul III*, Docket No. 129). The district court denied Petitioner's motion, stating that this "represent[ed] his third 2255 petition, and his allegations of bias have been heard, and rejected, many times over." *United States v. Faul*, 2007 WL 1847371, at *9 (*Faul III*, Docket No. 130). Petitioner appealed this decision to the Eighth Circuit. (Eighth Circuit Case No. 07-2844). The Eighth Circuit summarily affirmed the district court on September 4, 2007. (Eighth Circuit Case No. 07-2844; *Faul III*, Docket No. 135).

### F.  *Faul V*: Case No. 15-cv-1541 – District of Minnesota

Petitioner filed the instant petition on March 19, 2015, pursuant to 28 U.S.C. § 2241, asserting four claims:

> I. [Petitioner's] trial did not comport with the demands of *In re Winship*, 387 U.S. 358 (1970). The trial court directed the jury's verdict by failing to give proper instruction on an essential element of all crimes charging aiding and abetting. 18 U.S.C. § 2.
> II. [Petitioner] is actually innocent of the crimes for which he stands convicted, the sentencing court was without jurisdiction to impose a sentence, and [Petitioner's] incarceration violates the Eighth Amendment to the Constitution for the United States.
> III. [Petitioner's] trial and appellate counsel rendered ineffective assistance in violation of the Sixth Amendment to the Constitution for the United States.
> [IV.] *Rosemond v. United States*, 134 S.Ct. 1240 (2014), provides grounds for relief.

(ECF No. 1, at 1–2; ECF No. 5). Respondent filed a motion to dismiss Petitioner's § 2241 application for lack of subject matter jurisdiction because it should be interpreted as a

petition under § 2255 and Petitioner has failed to receive certification to file a successive § 2255 petition. (ECF No. 4). Petitioner then filed a reply. (ECF No. 5).

## II. ANALYSIS

### A. Legal Standard

The basic purpose of habeas corpus is to allow a prisoner to attack the legality of his detention. *Preiser v. Rodriquez,* 411 U.S. 475, 484 (1973). "A motion under 28 U.S.C. § 2241 challenges the *execution* of a sentence while a motion under 28 U.S.C. § 2255 challenges the *imposition* of a sentence." *Deleston v. Wilson*, No. 13-cv-2733 (JNE/SER), 2014 WL 3384680, at *3 (D. Minn. July 10, 2014) (emphasis in original). "A motion under [§] 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under [§] 2255 would be 'inadequate or ineffective.'" *Aragon-Hernandez v. United States*, No. 13-cv-2218 (SRN/AJB), 2014 WL 468266, at *2 (D. Minn. Feb. 6, 2014) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)). Thus, "[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah*, 392 F.3d at 959.

The burden of showing that § 2255 relief is inadequate or ineffective lies with the petitioner. Section 2255 provides:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief,

7

>by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). If the petitioner is successful in so demonstrating, then this "savings clause" saves a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. *See Abdullah*, 392 F.3d at 959.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). To show that § 2255 relief would be inadequate or ineffective, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Specifically, the § 2255 motion is not inadequate or ineffective because § 2255 relief has already been denied, the petitioner has been denied permission to file a second or successive § 2255 motion, a second or successive § 2255 motion has been dismissed, or the petitioner has allowed the one year statute of limitations and/or grace period to expire. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (quoting *Lurie*, 207 F.3d at 1077). "To hold otherwise would flout Congress's obvious intent to give meaning to those procedural requirements," "render those procedural requirements a nullity[,] and defy Congress's clear attempt to limit successive habeas petitions." *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000). A petitioner also cannot show that § 2255 is inadequate and ineffective where he had "any opportunity to bring his claim beforehand." *Abdullah*, 392 F.3d at 963; *see Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (stating that a § 2255 motion is not an inadequate or ineffective remedy where the petitioner had "at

8

least two opportunities to raise his argument before the sentencing court"); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion.").

The savings clause in § 2255 is jurisdictional and "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective." *Hill*, 349 F.3d at 1091. For a § 2255 motion to be inadequate or ineffective, two conditions must be satisfied:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *Deleston*, 2014 WL 3384680, at *4 (quoting *Williams*, 713 F.3d at 1343). In certain situations, then, "jurisdiction over a § 2241 petition may exist when there has been a change in the applicable law and that change has been deemed retroactively applicable." *Deleston*, 2014 WL 3384680, at *4 (citing *In re Davenport*, 147 F.3d at 611–2). A change in the applicable law contemplates a Supreme Court decision that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise not "*dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original).

### B. Subject-Matter Jurisdiction Over Petitioner's Claims Is Lacking

Petitioner claims that he is entitled relief under *Rosemond v. United States*, 134 S.Ct. 1240 (2014). In *Rosemond*, the Supreme Court held that for purposes of "aiding and abetting" liability under 18 U.S.C. § 924(c), which prohibits using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime, the government must show that the defendant actively participated in the underlying drug trafficking or violent crime with "advance knowledge" that a confederate would use or carry a gun during the crime's commission. 134 S.Ct. at 1249–50. The Supreme Court vacated the decision below and remanded the case because the trial court failed to instruct the jury that the defendant must have "advance knowledge," meaning knowledge sufficiently in advance to have some "realistic opportunity to quit the crime," that the gun would be used or carried. *Id.* at 1249–53; *see id.* at 1252–53 (Alito, J., concurring in part and dissenting in part) (explaining the Supreme Court concluded "that a conviction for aiding and abetting a violation of 18 U.S.C. § 924(c) demands proof that the alleged aider and abettor had . . . 'a realistic opportunity' to refrain from engaging in the conduct at issue.").

Petitioner argues that *Rosemond* held that "the accused must have foreknowledge at a time he can do something with it—most notably, opt to walk away." (Petition at 5, ECF No. 1). Petitioner then argues that, because the aiding-and-abetting crime in *Rosemond* required this "advance knowledge," the aiding-and-abetting murder crime he was charged with required it as well. Petitioner's argument does not withstand scrutiny. While *Rosemond* interprets the aiding-and-abetting statute, 18 U.S.C. § 2, its holding is

10

limited to the application of that statute to 18 U.S.C. § 924(c), which prohibits using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime. Petitioner was not charged under that statute. As Justice Alito noted in his separate opinion, the phrase "advance knowledge" may "lead readers astray." *Id.* at 1253 n.1 (Alito, J., concurring in part and dissenting in part). Justice Alito continued:

> Viewed by itself, the phrase most naturally means knowledge acquired in advance of the commission of the drug trafficking offense, but this is not what the Court means. Rather, "advance knowledge," as used by the Court, may include knowledge acquired while the drug trafficking offense is in progress. Specifically, a defendant has such knowledge, the Court says, if he or she first learns of the gun while the drug offense is in progress and at that time "realistically could have opted out of the crime."

*Id*. The majority did not refute this statement, pointing out that "[o]f course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge." *Id.* at 1250 n.9 (majority opinion). This is because "[i]n any criminal case," "the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission." *Id.* This clarifying language was attached as a footnote to the exact language in the opinion to which Petitioner cites as support for his habeas motion.

The Supreme Court was clear that its holding in *Rosemond* was dictated by established precedent and, therefore, it does not represent a new rule of law. *Woods v. Wilson*, No. 15-cv-623 (ADM/HB), 2015 WL 2454066, at *5 (D. Minn. May 22, 2015) (citing *Rosemond*, 134 S.Ct. at 1248–9). Thus, *Rosemond* does not "break new ground" or "impose a new obligation on the States or the Federal Government," but instead was

11

dictated by precedent. Additionally, the Supreme Court gave no indication that *Rosemond* has retroactive application and courts which have considered this question have found § 2241 petitions based on *Rosemond* not cognizable. *Woods*, 2015 WL 2454066, at *5; *see Montana v. Cross*, No. 14–CV–1019, 2014 WL 5091708, at *3 (S.D.Ill. Oct.10, 2014) (collecting those cases). Because Petitioner cannot rely upon *Rosemond* to show that a motion under § 2255 would be inadequate or ineffective, his § 2241 petition cannot move forward.

### C. Petitioner's Additional Arguments

Petitioner raises three additional arguments: (1) his trial did not comport with the demands of *In re Winship*, 387 U.S. 358 (1970), in that the trial court directed the jury's verdict by failing to give proper instruction on an essential element of all crimes charging aiding and abetting under 18 U.S.C. § 2; (2) Petitioner is actually innocent of the crimes for which he stands convicted, the sentencing court was without jurisdiction to impose a sentence, and his incarceration violates the Eighth Amendment; and (3) his trial and appellate counsel rendered ineffective assistance in violation of the Sixth Amendment. All these arguments relate back to the success of Petitioner's argument under *Rosemond*. (Petitioner's Reply, ECF No. 5). That is, Petitioner insists *Rosemond* changes the elements of 18 U.S.C. § 2, therefore depriving him of a fair trial because the jury did not receive proper instruction, which then deprived the court of jurisdiction to convict and sentence him, therefore leaving him legally innocent of the crimes charged, and all of which made any legal counsel he received ineffective. Because this Court concludes *Rosemond* does not activate the savings clause of § 2255 in this instance, thereby

depriving it of subject matter jurisdiction, this Court declines to address further these arguments.

### D. Petitioner's Successive Petitions

As summarized above, Petitioner was convicted and sentenced in 1983, whereafter he participated fully in the direct appeal process. *United States v. Faul*, 748 F.2d 1204, 1207 (8th Cir. 1984), *cert. denied*, 472 U.S. 1027 (1985). Since then, Petitioner has filed several habeas motions: *Faul I* (D. N.D.); *Faul II* (W.D. Wis.); *Faul III* (D. N.D.);[10] and *Faul IV* (W.D. Wis.). *Faul I* and *Faul II* were eventually merged or transferred into *Faul III*. In that consolidated case, Petitioner was represented by counsel and his habeas petition was decided on its merits after an evidentiary hearing. In *Faul IV*, Petitioner filed a § 2241 claim that was dismissed because he failed to show that a motion before the sentencing court under § 2255 would be inadequate or ineffective. Petitioner's appeals of these habeas matters were dismissed and the decisions of the district court affirmed.

Here, Petitioner has not sought or received leave from the Eighth Circuit to file a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This requirement even applies to successive habeas petitions where a petitioner claims, as Petitioner does here, relief is provided by a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

---

[10] Petitioner filed a new petition in *Faul III* after the original petition was decided on the merits. *See* § I(E): Back to *Faul III*, *supra*.

that was previously unavailable." 28 U.S.C. § 2255(h)(2). Therefore, even if the savings-clause analysis above resulted in a different outcome, this Court lacks jurisdiction to consider Petitioner's claims because he has not sought leave from the Eighth Circuit to present his claims before this Court.

### E. Certificate of Appealability

As previously discussed, while styled as a § 2241 petition, Petitioner's claims actually fall under the auspices of § 2255. An "appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255," unless a "circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In contrast, a petition filed under 28 U.S.C. § 2241 is not subject to the certificate-of-appealability requirement. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (noting that where a federal prisoner files a petition under § 2241, the "certificate of appealability requirement . . . does not apply"). The § 2241 petition, however, must be *effective*. *Id.* ("Langella is a federal prisoner *effectively* filing his petition under § 2241, and . . . the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement therefore does not apply to him.") (emphasis added); *see also Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999) ("Because petitioner is a federal

prisoner and *effectively* filed his petition pursuant to 28 U.S.C. § 2241, the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement does not apply to him.") (emphasis added).

As noted above, the Court finds Petitioner's habeas application to be ineffective under § 2241. Instead, Petitioner's claims fall squarely under the control of § 2255. Therefore, Petitioner's application is subject to the certificate of appealability requirement. Here, Petitioner has not made a substantial showing of the denial of a constitutional right and no court is likely to find that Petitioner is entitled to relief on any of the claims in his habeas petition. Accordingly, this Court recommends that Petitioner not be issued a certificate of appealability in this matter.

[Continued on next page.]

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Respondent's Motion to Dismiss (ECF No. 4) be **GRANTED**, this action be **DISMISSED WITH PREJUDICE**, and a certificate of appealability not be issued.


Date: October 1, 2015         *s/ Tony N. Leung*
                              Tony N. Leung
                              United States Magistrate Judge
                              District of Minnesota

                              *Faul v. Wilson*
                              File No. 15-cv-1541 (PJS/TNL)


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.