UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT FAUL, | Case No. 15-CV-1541 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| DENESE WILSON, Warden, | |
| Respondent. | |

Scott Faul, pro se.

Joseph H. Thompson, UNITED STATES ATTORNEY'S OFFICE, for respondent.

Not for the first time—nor even for the second, third, or fourth time—petitioner Scott Faul is collaterally attacking his conviction and sentence for aiding and abetting second-degree murder and other crimes. Faul's conviction stems from his participation in a gun battle with law-enforcement officers in 1983 that resulted in the deaths of United States Marshall Kenneth Muir and Deputy United States Marshall Robert Cheshire. *See generally United States v. Faul*, 748 F.2d 1204, 1208-10 (8th Cir. 1984). This matter is before the Court on Faul's objection to the October 1, 2015 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. Judge Leung recommends granting the respondent's motion to dismiss this action for lack of jurisdiction. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b).  Based on that review, the Court adopts Judge Leung's thorough R&R and dismisses this action.

Faul was convicted in the United States District Court for the District of North Dakota.  He is now incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.  Faul challenges his conviction and sentence (purportedly) under 28 U.S.C. § 2241.  *See* ECF No. 5 at 4-7.  He has challenged his conviction and sentence in multiple prior actions, including actions brought under 28 U.S.C. § 2255 and § 2241.

Challenges to the validity of a federal conviction or sentence must ordinarily be brought in the sentencing court as a motion under § 2255.  Under § 2255's "savings clause," however, a petitioner may challenge his sentence or conviction under § 2241 if he can show that § 2255 is "inadequate or ineffective."  28 U.S.C. § 2255(e); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  The petitioner bears the burden of showing that § 2255 is inadequate or ineffective, which is a prerequisite to this Court's exercise of jurisdiction over his § 2241 petition.  *Abdullah*, 392 F.3d at 959 (petitioner bears burden of showing that § 2255 is inadequate or ineffective); *Hill v. Morrison*, 349 F.3d 1089, 1090 (8th Cir. 2003) (court of incarceration has jurisdiction over a § 2241 petition only if § 2255 is inadequate or ineffective).

Faul argues that § 2255 is inadequate or ineffective because his conviction is invalid under *Rosemond v. United States*, 134 S. Ct. 1240 (2014), and because *Rosemond*

was not decided until after his conviction became final and his original § 2255 motion was denied. But the unavailability of *Rosemond* at the time of Faul's original conviction and prior habeas proceedings does not mean that § 2255 is inadequate or ineffective. As Judge Leung explained, *Rosemond* did not represent a new rule of law. There is absolutely no reason why Faul could not have made a claim of *Rosemond*-type error in his original § 2255 proceeding.

Faul also argues that he is "actually innocent" of the crimes for which he was convicted. As best as the Court can discern, his argument is something like this: *Rosemond* held that a defendant cannot be convicted under 18 U.S.C. § 2 of aiding and abetting a crime unless the government proves (among other things) that the defendant had "foreknowledge" of all aspects of the principal's offense. The jury did not find Faul guilty of aiding and abetting first-degree murder, but instead found him guilty of the lesser-included offense of aiding and abetting second-degree murder. Therefore, the jury must have found that Faul had no "premeditated intent," which is the same as finding that Faul had no intent at all. Thus, under *Rosemond*, Faul is actually innocent of aiding and abetting second-degree murder. ECF No. 1 at 2-4; ECF No. 7 at 5-8.[1]

Faul argues that, because he is actually innocent of aiding and abetting second-degree murder under *Rosemond*, his continued incarceration violates the Eighth

---

[1]Faul does not appear to challenge his convictions for his other offenses (including assaulting law-enforcement officers and harboring a fugitive).

Amendment and the Due Process Clause. ECF No. 7 at 4. Faul also argues that, because he is actually innocent, he should be excused from procedural requirements relating to §§ 2255 and 2241. *Id.* at 7-8. Finally, Faul argues that he has made a substantial showing of the denial of a constitutional right and thus is entitled to a certificate of appealability under 28 U.S.C. § 2253(c)(2) (which he would need if relief were unavailable to him under § 2241 and his current collateral attack were construed as a motion under § 2255). *Id.* at 8-9.

A number of the federal courts of appeals have held that the "savings clause" applies—and thus a prisoner may attack his conviction under § 2241—in "cases in which the petitioner asserts a claim of actual innocence and never had an unobstructed procedural opportunity to raise the claim." *Abdullah*, 392 F.3d at 960. To date, the Eighth Circuit has "declined to decide 'whether a claim of "actual innocence" allows a petitioner to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause.'" *Id.* (quoting *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000)). But even if the Eighth Circuit adopted such a rule (which it has not), and even if Faul did not have a prior unobstructed procedural opportunity to raise his *Rosemond* claim (which he did), Faul cannot attack his conviction in a § 2241 proceeding because he does not have a

non-frivolous claim of actual innocence.  Put simply, *Rosemond* does not render Faul actually innocent of aiding and abetting second-degree murder.

As an initial matter, the Court notes that Faul is incorrect in asserting that, because he was convicted of aiding and abetting only second-degree murder (and acquitted of aiding and abetting first-degree murder), the jury must have found that he had no intent whatsoever.  Second-degree murder is not a strict-liability offense.  In *United States v. Blue Thunder*, 604 F.2d 550, 553 (8th Cir. 1979), the Eighth Circuit described the "distinction between second degree murder, requiring only intent-to-kill with malice aforethought, and first degree murder which, in addition, requires intent-to-kill with premeditation and deliberation."  The Seventh Circuit elaborated upon this distinction in *United States v. Delaney*, 717 F.3d 553, 554-57 (7th Cir. 2013):

> The only difference between the two degrees of murder, sharing as they do the requirement that the murderer have acted with "malice aforethought," is . . . that a first-degree murder . . . must be "premeditated." . . . Second-degree murder does not involve premeditation—but remember that it must be consciously intended, [and] therefore thought about in advance, . . . for otherwise it would not involve "malice aforethought."

In short, when the jury convicted Faul of aiding and abetting second-degree murder, it found that he *had* "intent-to-kill with malice aforethought."  *Blue Thunder*, 604 F.2d at 553; *see also United States v. Roan Eagle*, 867 F.2d 436, 445 (8th Cir. 1989) ("Aiding and abetting is not a separate crime but rather is linked to the underlying offense and shares

the requisite intent of that offense. . . . [L]ong ago this court clearly stated '[g]enerally speaking, to find one guilty as a principal on the ground that he was an aider and abettor, it must be proven that he shared in the criminal intent of the principal . . . .' *Johnson v. United States*, 195 F.2d 673, 675 (8th Cir. 1952).").

Putting that aside, the Supreme Court "granted certiorari [in *Rosemond*] to resolve the Circuit conflict over what it takes to aid and abet a § 924(c) offense." 134 S. Ct. at 1245. *Rosemond*'s holding addresses the peculiar interaction of the federal aiding-and-abetting statute (18 U.S.C. § 2) with the unusual "double-barreled" crime of using a gun in connection with a drug-trafficking crime (18 U.S.C. § 924(c)). *Id*. *Rosemond* held that in such cases the abettor must know not only of the drug-trafficking crime, but also of the principal's use of a gun—and the abettor must obtain this knowledge early enough to have the opportunity to back out of the enterprise. *Id*. at 1249. *Rosemond* said not a word about murder (first or second degree), and it certainly did not equate the malice-aforethought requirement of second-degree murder with the requirement that the abettor have advance knowledge of the firearm in a § 924(c) offense.

Faul's actual-innocence claim is grounded on a mistaken conflation of these two distinct mental-state requirements. As Judge Leung recognized, Faul cannot simply copy and paste passages from *Rosemond* and assume that they apply outside of the

unique context of § 924(c). *See Troiano v. Warden Allenwood USP*, 614 F. App'x 49, 51-52 (3d Cir. 2015) (per curiam, unpublished) ("*Rosemond* addresses the requirements and jury instructions concerning aiding and abetting a § 924(c) offense, but Troiano's claim relates to the jury instructions concerning aiding and abetting a Hobbs Act robbery."); *United States v. Persaud*, 605 F. App'x 791, 801 (11th Cir. 2015) (per curiam, unpublished) (" . . . *Rosemond* did not involve a factual scenario similar to the present one [aiding and abetting drug possession with intent to distribute, without firearms], and it did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses.").

Moreover, even if the Court were to grant Faul his (inaccurate) interpretation of *Rosemond*, Faul's suggestion that he had no intent or knowledge as to the murders perpetrated by his codefendants is risible. *Rosemond* recognized that "the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission." 134 S. Ct. at 1250 n.9. The circumstances in Faul's case (as recounted by the Eighth Circuit in his direct appeal—a version of the facts which Faul does not challenge in this action) amply support the inference that Faul intended to aid and abet murder. Faul and two of his codefendants carried rifles before they were confronted by law-enforcement officers; all three men pointed their rifles at the law-enforcement officers immediately after being confronted by them; Faul himself fired at least six shots at a deputy marshal; after Marshall Muir and Deputy Marshall Cheshire

had been shot, Faul aimed his rifle at a fleeing deputy sheriff; and Faul helped an injured codefendant flee the scene and get medical attention. *Faul*, 748 F.2d at 1208-10.

In short, even if Faul could somehow clear all of the procedural and statutory barriers that face him as he attempts to collaterally attack his conviction and sentence for the fifth time (by Judge Leung's count), Faul's central claim that he is innocent of aiding and abetting second-degree murder under *Rosemond* would be rejected as meritless.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Faul's objection [ECF No. 7] and ADOPTS the October 1, 2015 R&R [ECF No. 6]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent's motion to dismiss [ECF No. 4] is GRANTED.

2. Faul's petition [ECF No. 1] is DISMISSED FOR LACK OF JURISDICTION.

3. To the extent that Faul's petition could be construed as a motion under 28 U.S.C. § 2255, no certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 5, 2016          s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge